UNITED STATES, Appellee

v.

LON E. MURGAW, Private First Class, U. S. Army, Appellant

2 USCMA 369, 8 CMR 169

No. 1079

Decided March 31, 1953

 

LT COL George M. Thorpe, U. S. Army, and 1ST LT Michael E. McGarvey, U. S. Army, for Appellant.

LT COL Thayer Chapman, U. S. Army, and 1ST LT Robert A. Forman, U. S. Army, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The petitioner, Murgaw, was convicted by general court-martial of desertion, in violation of Article of War 58, 10 USC § 1530. The offense was committed prior to the effective date of the Uniform Code of Military Justice, 50 USC §§ 551-736, but the trial was held thereafter.

After the court had retired to deliberate on the sentence, it returned to ask a question of the law officer:

"PRES: The question is the court would like to know whether we can adjudge a sentence in excess of 6 months without a dishonorable discharge, in view of the fact that the offense was committed under the jurisdiction of Manual for Courts-Martial, 1949—or tried under the Manual for Courts-Martial, 1949?

"LO: As law officer, I will rule that the maximum sentence to confinement which can be imposed without giving a punitive discharge, is a matter of procedure which is covered by the 1951 manual. The answer to the court's question, then, would be that a sentence of confinement in excess of 6 months can not be given without also giving a punitive discharge. Does that answer the court's question?

"PRES: It does."

The court then returned to closed session, and shortly thereafter announced its sentence that petitioner receive a bad-conduct discharge, that he be confined at hard labor for twelve months, and that he forfeit $60.00 per month for twelve months. Although he approved the findings of guilty, the convening authority suspended execution of the punitive discharge for the period of confinement and six months thereafter, at which time it was to be remitted, if the suspension had not been earlier vacated. In addition, the convening authority reduced the period of confinement and forfeitures to six months. Subsequently, the convening authority took further action to suspend the then unexecuted portion of the sentence for three months, at the expiration of which period it was to be remitted, failing earlier vacation of suspension. In accordance with this latter order, the suspended portion of the sentence, including the bad-conduct discharge, has been remitted.

A majority of the board of review, examining the record prior to the remission of the unexecuted portion of the sentence, affirmed the findings of guilty and the sentence. One member of the board, dissenting, felt that the law officer, during the colloquy set out above, erred to the prejudice of accused in the matter of the punitive discharge, and that this required that the discharge be set aside. We granted accused's petition for review to consider the point raised by the dissenting member of the board of review.

Before turning to the merits of the question, we must respond to the suggestion of appellate Government counsel that the issue relating to the necessity for imposition of a punitive discharge is moot, since the discharge has been remitted. We do not agree. Although remitted, the discharge is a part of accused's record as having been legally imposed. Undeniably his position is different—and to his substantial disadvantage—than if his record were to reflect merely that a bad-conduct discharge had been *improperly* adjudged—if, indeed, such be the case. See United States v. Prescott (No. 812), 6 CMR 122, decided December 31, 1952.

The first question, then, is whether the law officer, in the colloquy previously quoted, stated the law with accuracy. Our answer must be that he did not, for his statement was made in the very teeth of that portion of Executive Order 10214 which commands that "the maximum punishment for an offense committed prior to May 31, 1951, shall not exceed the applicable limit in effect at the time of the commission of such offense." Under the provisions of paragraph 117b, Manual for Courts-Martial, U. S. Army, 1949, effective when the offense involved in this case was committed, a court-martial was free to impose confinement up to and including *twelve* months, without also adjudging a punitive discharge. However, under the Manual for Courts-Martial, United States, 1951, paragraph 127b, courts-martial are limited to a maximum of *six* months' confinement, in the absence of a punitive discharge. Manifestly—at least to our minds—the provision of the current Manual is more stringent than that of its predecessor. Consequently it would seem that Executive Order 10214 requires application of the standard of the latter.

Appellate Government counsel contends—and, in so doing, apparently represents the position heretofore taken by The Judge Advocate General, United States Army—that the general limitation of paragraph 127b of the current Manual is, in essence, a limitation on the jurisdiction of a court-martial. Whatever this may mean, we decline to follow its narrow and hypertechnical approach. The general provisions of paragraph 127b are limitations on punishment fully as much as are the specific limits set out in the Table of Maximum Punishments. Therefore, it is our opinion that, since the applicable general provision of paragraph 127b of the current Manual is more severe than that of the 1949 Manual, supra, the limits of the latter must apply to this case. It follows that the law officer here erred in advising the court to the contrary. He should have advised the court that it could lawfully adjudge confinement for a period as long as twelve months without at the same time imposing a punitive discharge. Manifestly, the error offered more than a fair risk of prejudice to the substantial rights of the accused.

Certainly the error may be *expunged* by setting the bad-conduct discharge aside. Since it was the product of *an error of law*, we must set it aside in any event. The question remains whether a rehearing should be ordered. Numerous questions would arise upon resentencing. See Murphy v. Massachusetts, 177 US 155, 44 L ed 711, 20 S Ct 639. However, in this particular case, it is quite clear that the direction of a rehearing, with an option to the board of review to expunge the error, would constitute purely formal action, unnecessarily prolonging final disposition of the case. It is manifest from the record that the discharge was most reluctantly imposed by the court-martial, and that this was recognized in the action of the convening authority in suspending and thereafter remitting it. For these reasons we set aside the bad-conduct discharge for the error of law tainting it, and decline to exercise our power to order a rehearing. This action, of course, has no relation to the appropriateness *in fact* of the sentence. United States v. Hunter (No. 359), 6 CMR 37, decided October 17, 1952; United States v. James E. Long (No. 529), 6 CMR 45, decided October 17, 1952.

Chief Judge QUINN concurs.

**371**

LATIMER, Judge (dissenting in part):

I dissent from that portion of the opinion which modifies the sentence by setting aside the bad-conduct discharge. While it may be of little practical importance in this case, by affirming only part of a legal sentence we are assuming power we have not been granted. I would return the case to the board of review for reconsideration of the sentence in the light of our holding.