UNITED STATES, Appellee

v.

ERNEST DAVID HUNTER, Seaman Recruit, U. S. Navy, Appellant

3 USCMA 497, 13 CMR 53

No. 2819

Decided December 11, 1953

MAJ Francis D. Foley, Jr., USMCR, and CDR Raymond van Wolkenten, USN, for Appellant.

CDR E. C. Gordon, USN, and CAPT Wesley C. Blake, USMC, for Appellee.

## Opinion of the Court

PER CURIAM:

Accused was found guilty by special court-martial of assault and battery, in violation of Article 128, Uniform Code of Military Justice, 50 USC § 722, wilful disobedience of the lawful order of his superior noncommissioned officer, in violation of Article 91, Uniform Code of Military Justice, 50 USC § 685, and failure to go to his appointed place of duty at the time prescribed, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He was sentenced to a bad-conduct discharge. The convening authority suspended the execution of the bad-conduct discharge and the board of review disapproved the findings as to assault and battery, but otherwise affirmed. The cause is here on petition for review pursuant to Article 67(b) (3), Uniform Code of Military Justice, 50 USC § 654.

The record of trial reveals that, at the trial, defense counsel unsuccessfully challenged for cause four of the six court-martial members. On voir dire examination, it developed that at a pre-trial conference the convening authority had discussed the previous derelictions of this accused with at least three of the challenged members. He informed them that a previous court-martial had adjudged a much too meagre punishment, and, in the words of one of the officers, he "was suggesting or recommending or instructing what verdict should be given."

The accused contends that he did not receive a fair trial under these circumstances, and we granted his petition to consider that contention. The Government comes forward and concedes that this pretrial conference materially prejudiced the substantial rights of the accused. Our examination of the record of trial leads us to the same conclusion. An extended treatment is unnecessary, for the challenged conduct violates both the letter and the spirit of the Uniform Code of Military Justice. See United States v. Littrice, 3 USCMA 487, 13 CMR 43.

The decision of the board of review is reversed and the charges are dismissed.