UNITED STATES, Appellee

v

JOHN J. COFFIELD, Engineman Third Class,
U. S. Navy, Appellant

10 USCMA 77, 27 CMR 151

No. 11,960

Decided December 19, 1958

*Captain Frederick D. Clements,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant (jg) Joseph A. Califano, Jr.,* USNR.

*Major George M. Lilly,* USMCR, argued the cause for Appellee, United States. With him on the brief was *Commander Craig McKee,* USN.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused, on his plea of guilty, was convicted by special court-martial of escape from confinement, in violation of Article 95, Uniform Code of Military Justice, 10 USC § 895. He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, and reduction to the rating of fireman. After the announcement of findings, the "personal data" from the charge sheet was read by trial counsel. The prosecution then called as a witness one Ensign Trimm, an assistant personnel officer. Through Ensign Trimm the trial counsel placed in evidence a "Court Memorandum" from page 6 (1) of the accused's service record book. Thereafter, Ensign Trimm read this "Court Memorandum" into the record. That entry related to a special court-martial conviction on March 27, 1957, wherein accused was convicted of larceny and conspiracy to commit larceny, in violation of Articles 121 and 81 of the Code, supra, 10 USC §§ 921 and 881. The sentence at that earlier trial, as approved, was confinement at hard labor for three months, forfeiture of $45.00 per month for a like period, and reduction to the next lower rating. In the portion of the entry headed "Sentence as Approved by Convening Authority" appears the following:

". . . In the foregoing case, it is noted that the court did not include a punitive disch[arge] in its sentence. This was a deviation from the expressed policy of the Navy Dept as set forth in SECNAV INST 5815.2A of 3/12/56."

**77**

The entry further indicates the sentence was approved by the convening authority "Subject to the foregoing remarks" on April 5, 1957, and it is signed by "R. B. GREEN, LTJG, USNR—Disciplinary Officer, By direction of the C. O."

This Court granted the accused's petition for review on the issue: "Whether the rights of the accused were prejudiced by the court's consideration of page 6 (1) from his service record." We find that he was.

This same issue was assigned as error before the board of review. At that time Government counsel conceded prejudicial error, stating:

". . . In view of *U. S. v. Fowle*, 7 USCMA 349, 22 CMR 139, and *U. S. v. Estrada,* 7 USCMA 635, 23 CMR 99, Appellee concludes that he must concur with Appellant's contention that this was prejudicial error. The fact that the instruction was inadvertently brought to the attention of the court would not reduce the effect of such error. In addition, since the convening authority pointed out that the previous court did not award a punitive discharge to the accused, the court members may have interpreted this as dissatisfaction by the convening authority with the sentence in the previous case. It appears that the action on the previous conviction was taken by the same convening authority who had appointed the court in the instant case. Therefore, it is quite probable that the court was directly influenced thereby.

"Appellee submits that in all fairness to the accused, the case should be returned for a rehearing on the sentence.

"If this Honorable Board concurs in the proposed action, it is respectfully requested that in the decision rendered the attention of the convening authority be called to the fact that prior to the rehearing an administrative correction to page 6 (1) should be made, deleting the convening authority's comments on the previous sentence and the reference to SECNAV Instruction 5815.2A."

The majority of the board of review, however, found as follows:

"We do not agree that the admission of the entry brought command influence into this courtroom. If this accused was being tried for theft in the instant case, then a reference to the policy for thieves might possibly be held bad, but this accused was being tried for an entirely different sort of offense—escape from confinement. Nor can we find a personal command influence. The entry, if made and entered promptly as required by regulations which we must assume was done, was resting in the accused's record for almost a year before being used in the case at hand. We don't know that the convening authority directed or knew that the entry was verbatim and contained a reference to policy. We don't know that the convening authority personally was unhappy because there was no discharge at the former trial. We don't even know that the same individual was convening authority at the time of the former trial and then at the instant trial. There is no basis for us to speculate that the court members violated their oaths to try the accused 'faithfully and impartially.'

"Accordingly, the findings of guilty and the sentence as approved on review below are affirmed."

One member of the board of review dissented, saying in part:

"It is not only logical, as the defense argues, that if this statement, critical of the prior court, was in fact noticed by the instant court members, they could very well have considered the accused before them to be a tardy candidate for a punitive discharge. If so viewed, the comment—a direct allusion to the instruction—may well have been the deciding factor as regards the sentence."

Government counsel argue further that the entry was not made with any intent to influence this court-martial. The defense replies that the intent of the convening authority is not controlling, but that we are concerned with the

effect on the court members which may have resulted from the entry into evidence of the questioned material.

We agree that it is the possible effect of the questioned material on the court members' deliberation as to sentence which is controlling. The convening authority in the earlier case clearly indicated that the court deviated from the express policy of the Navy Department by not including a punitive discharge in its sentence. The convening authority was at least noting his cognizance of the court's failure to include a punitive discharge and we think his action could reasonably be construed by this court-martial as implying disapproval of such omission. The possible influence on the court's decision on sentence under such circumstances differs only in degree from the unequivocal action of the convening authority condemned in United States v Hunter, 3 USCMA 497, 13 CMR 53. There, the convening authority at a pretrial conference discussed previous derelictions of the accused with at least three of the court-martial members. He also informed them a previous court-martial had adjudged a much too meager punishment, and, in the words of one of the officers, he "was suggesting or recommending or instructing what verdict should be given."

There is a fair risk the service record entry had some measurable impact on the sentence adjudged in this case. A statement by the convening authority which is critical of the prior court for failure to impose a bad-conduct discharge as appropriate punishment on an accused, could have a tendency to coerce the members of a subsequent court sentencing him to conclude that that form of punishment must be meted out. It seems to follow that if the first court was considered to have been derelict in its duty, the court sitting in the case at bar would have some reservations about imposing a sentence which could subject the members to possible severe criticism by their superiors. Under penalty of being censured, court members are constrained thereby to follow the dictates of higher commanders when they might do otherwise. It places the accused at a distinct disadvantage and is entirely contrary to the concept that the appropriateness of sentence should be determined by the court members uninfluenced by a commander's view on the desirability of separating a particular accused from the service.

Thus, the convening authority[1] in the instant case, by the language quoted earlier and called to the attention of the court-martial, could have led them to believe, as the Government conceded before the board of review, that he was dissatisfied with the sentence in the previous case and, as accused argues, that the accused was considered to be "a tardy candidate for a punitive discharge." We therefore find prejudicial error. In view of our conclusion, we find it unnecessary to consider whether prejudice resulted from the reference to the SECNAV Instruction alone.

The record of trial is returned to The Judge Advocate General of the Navy for reference to a board of review. Inasmuch as the prejudicial effect of the error goes only to the punitive discharge, the board of review may, in its discretion, order a rehearing on the sentence or disapprove the bad-conduct discharge and approve the remaining portion of the sentence.

Chief Judge QUINN and Judge LATIMER concur.

---

[1] Although the record does not reflect whether the convening authority in the instant case is the same one who made the entry pertaining to the earlier trial, under the view we take of the case it becomes immaterial. There being nothing in the record to indicate to the court-martial members it was not the same convening authority and the cases having been tried in the same command, the court members might well have believed the entry was made by the same individual who convened the court in this case. By this note, we are not to be considered as implying whether any different result might be reached under different circumstances, but we feel constrained to mention the point simply because the board of review mentioned it as a factor in its decision.