UNITED STATES, Appellant

v

JOSE M. RODRIGUEZ-GARCIA, Sergeant,
U. S. Army, Appellee

12 USCMA 647, 31 CMR 233

No. 15,510

February 23, 1962

Captain Alvin B. Fox argued the cause for Appellant, United States. With him on the brief were Lieutenant Colonel James G. McConaughy and Major Francis M. Cooper.

First Lieutenant Gary G. Keltner argued the cause for Appellee, Accused. With him on the brief was Captain Jerome D. Meeker.

Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial, the accused was found guilty of absence without leave, in violation of Uniform Code of Military Justice, Article 86, 10 USC § 886, and sentenced to confinement at hard labor for one year, forfeiture of $70.00 per month for a like period, and reduction to the lowest enlisted grade. The convening authority, acting pursuant to the recommendations of his staff judge advocate, "commuted" that portion of the sentence relating to confinement to a suspended bad-conduct discharge in order to comply with accused's "intense desire to be restored to duty as soon as possible." The board of review affirmed, reducing the period of the forfeitures, and The Judge Advocate General of the Army certified its decision to this Court upon the following question:

"WAS THE BOARD OF REVIEW CORRECT IN HOLDING THAT, AS A MATTER OF LAW, THE ACTION OF THE CONVENING AUTHORITY IN THIS CASE DID NOT INCREASE THE SEVERITY OF THE SENTENCE ADJUDGED?"

We deem our decisions in United States v Johnson, 12 USCMA 640, 31 CMR 226, and United States v Fredenburg, 12 USCMA 646, 31 CMR 232, both this day decided, fully dispositive of the certified issue. The fact that

**647**

the discharge was here suspended is immaterial. See United States v Murgaw, 2 USCMA 369, 8 CMR 169, and United States v Prescott, 2 USCMA 122, 6 CMR 122.

We note, however, that the convening authority believed that this accused should be immediately restored to duty and took action to accomplish this result. Accordingly, any future action upon the record must be premised upon the suspension of that portion of the sentence relating to confinement from the date of the original action, unless accused has since engaged in misconduct which would support appropriate vacation proceedings.

United States v DeVore, 10 USCMA 375, 27 CMR 449; United States v Crawford, 10 USCMA 464, 28 CMR 30; United States v Dean, 7 USCMA 721, 23 CMR 185.

The certified question is answered in the negative, and the actions of the board of review and convening authority are set aside. The record of trial is returned to The Judge Advocate General of the Army for transmittal to the convening authority for new post-trial proceedings in accordance with Code, supra, Articles 61 and 64, 10 USC §§ 861, 864.

Chief Judge QUINN and Judge KILDAY concur.