UNITED STATES, Appellant

v

RICHARD BERLE KIGER, Airman Recruit,
U. S. Navy, Appellee

13 USCMA 522, 33 CMR 54

No. 16,489

March 8, 1963

*Major Daniel F. McConnell,* USMC, argued the cause for Appellant, United States.

*Major Frederick D. Clements,* USMC, argued the cause for Appellee, Accused.

## Opinion of the Court

FERGUSON, Judge:

This is a case in which The Judge Advocate General of the Navy has certified the decision of the board of review to this Court upon the following question:

"Was the Board of Review correct in deciding that Prosecution Exhibit #4 was not properly admissible in evidence?"

The issue before us arises out of the receipt in evidence, after announcement of the findings of guilty, of a properly authenticated extract of accused's service record which recorded the vacation of the suspended portion of the

522

adjudged and approved sentence in a previous court-martial. The admissibility of the previous conviction upon which the suspension and the vacation proceedings were premised is not contested. The board found, however, that receipt of proof of the vacation proceedings inferentially placed before the court-martial evidence of the misconduct which must have existed to justify elimination of the suspension without "the most rudimentary guarantees usually associated with a judicial or even a quasi-judicial hearing."

The Manual for Courts-Martial, United States, 1951, provides with regard to the presentencing procedure, as follows:

"The trial counsel will next introduce evidence of any previous convictions of the accused by courts-martial. Such evidence is not limited to offenses similar to the one of which accused stands convicted.
. . .
. . . . .

"Unless the accused has been tried for an offense within the meaning of Article 44b, evidence as to the offense is not admissible as evidence of a previous conviction. See 68d (Former jeopardy)." [Manual, supra, paragraph 75b(2).]

The purpose of receiving evidence of previous convictions after findings of guilty have been announced is to afford the court-martial information concerning accused's prior criminal record and, in some instances, to allow the imposition of permissible additional punishments. Manual, supra, paragraph 127c, Section B; United States v Prescott, 2 USCMA 122, 6 CMR 122; United States v Watkins, 2 USCMA 287, 8 CMR 87. We have many times approved its use in connection with the court-martial's deliberations on the sentence. United States v Prescott, supra; United States v Watkins, supra; United States v Geib, 9 USCMA 392, 26 CMR 172; United States v Green, 9 USCMA 585, 26 CMR 365; United States v Slack, 12 USCMA 244, 30 CMR 244.

But we are not here involved with the use of prior convictions in connection with the determination by the fact finders of an appropriate sentence or, indeed, with the method of establishing their existence or finality. Cf. United States v Carter, 1 USCMA 108, 2 CMR 14; United States v Engle, 3 USCMA 41, 11 CMR 41; United States v Moore, 8 USCMA 116, 23 CMR 340. The narrow question presented by the decision of the board of review and the certificate of The Judge Advocate General is whether, as a part of proving such *prior convictions*,[1] the United States may also introduce evidence that a suspended sentence was subsequently vacated. We conclude that it may not.

Not every action of appellate authorities on the sentence becomes admissible in evidence because it is related to the actual fact of a timely previous conviction by court-martial. In United States v Coffield, 10 USCMA 77, 27 CMR 151, a unanimous Court condemned the receipt in evidence of a convening authority's action as "part" of proving a previous conviction, when it criticized the court-martial in the former trial for failing to adjudge a punitive discharge. Thus, the mere fact that the vacation of a suspended sentence is concerned with an admissible previous conviction is not a controlling factor.

Turning then directly to the vacation proceeding, we believe it was never intended to be shown to the court-martial as part and parcel of the evidence of previous convictions. What is meant by the terms of the Manual paragraph, supra, is the demonstration of an antecedent military trial resulting in findings of guilty and punishment and finally approved within the meaning of Code, supra, Article 44, 10 USC § 844; Manual, supra, paragraph 75b(2). An appellate author-

[1] The question whether, under appropriate circumstances, the Government may generally establish vacation proceedings in connection with other misconduct as matter in aggravation or in rebuttal is not before us.

ity's action on the sentence may, and frequently does, mention suspension of the punishment in establishing finality of the conviction. But whether he subsequently vacates that suspension has nothing to do with the fact of the prior conviction or its finality. As the board of review pointed out, such use of vacation proceedings permit the court-martial to infer that the accused had been guilty of other misconduct when, in fact, he may never have been heard on the matter. Indeed, we point out that, in the great majority of vacation proceedings, no hearing is afforded the probationer, for it is only where the sentence involved extends to a bad-conduct discharge or was adjudged by a general court-martial that Congress has granted that right. Code, supra, Article 72, 10 USC § 872. Nor do we believe it feasible or desirable to permit introduction in evidence, in connection with establishing a previous conviction, of the fact that a suspension of punishment was duly vacated and then, in order to protect the accused, to open the door to his collateral assault upon the facts behind execution of the earlier sentence. So to rule would inevitably lead to a trial within a trial and, from the standpoint of practicality, we conclude it is best that the door remain barred in this area.

We are equally unimpressed with the Government's argument that the board's decision permits an accused to conceal his true character before the court-martial. Many rules protect the defendant before military and civil tribunals from being viewed as he truly may be. See, for example, Manual, supra, paragraph 138*f*(2). Here, the President has provided only for admitting evidence of *prior convictions*, a concept which does not include action to vacate a suspension. Undoubtedly, the drafters of the Manual had in mind the scanty protections afforded the accused under Code, supra, Article 72, and chose deliberately to limit the Government to proof of prior misconduct which had been found to exist in the presence of the safeguards provided by trial before another military judicial tribunal. We do not disagree with the

**524**

wisdom of this limitation for, as the board of review noted:

"... A line must be drawn, a determination made, as to whether the benefit to the Government or the members of the court from the receipt of such matter outweighs the prejudice such information might do to the accused."

We conclude, as did the board of review, that the Manual, supra, has drawn the line by limiting the proof of other misconduct by the accused to former trials by courts-martial as finally approved under the terms of the Uniform Code. It may not be inferentially established by introducing evidence of the vacation of a previously adjudged suspended sentence upon the basis of such misconduct.

The certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

An informed sentence is one based upon all relevant matters relating to the accused, whether these be favorable or adverse to him. See United States v Lanford, 6 USCMA 371, 20 CMR 87; United States v Allen, 8 USCMA 504, 25 CMR 8. For reasons which I need not inquire into, the Manual for Courts-Martial restricts the right of the Government to present, as part of its direct case in the sentence proceedings, evidence which might justify a more severe punishment than would seem warranted by only the circumstances surrounding the commission of the offenses of which the accused stands convicted. See Manual for Courts-Martial, United States, 1951, paragraph 75. Despite the general limitation, however, the Government is specifically permitted to introduce evidence of previous convictions as part of its case rather than as mere rebuttal to defense evidence in mitigation.

Contrary to the implication of the principal opinion, suspension of execution of an approved sentence is not "mention[ed]" in the convening authority's formal action by accident or because of ancient habit. It is included

as part of the action on the sentence because that is the recommended procedure in the Manual for Courts-Martial. See paragraph 88e; Appendix 14, "Forms For Action By Convening Authority." As I read the Manual, it clearly contemplates that the suspension and the later vacation of the suspension will be made parts of the story of a conviction. The recommended forms of action providing for suspension include the phrase "unless the suspension is sooner vacated." Anyone reading such an action cannot know what punishment the accused actually suffered under a previous conviction unless he knows whether the suspension was later vacated. Without that information the picture of the previous conviction is incomplete and misleading.

Labels should not frighten us. I am not disturbed, therefore, by the prospect, alluded to in the principal opinion, that a "trial within a trial" may develop if the accused attacks the propriety of the vacation of the suspension. The sentence procedure is itself a trial within a trial—a trial in which the issue is the extent to which the accused should be deprived of his liberty and property. All matters material and relevant to that issue should be considered. To facilitate their consideration, the strict rules of evidence which apply in the proceedings to prove guilt are substantially relaxed. United States v Blau, 5 USCMA 232, 17 CMR 232. In my opinion, therefore, the Manual does not limit the evidence of previous conviction to the bare fact that a certain sentence was imposed by a court-martial and approved in whole or in part on review. Rather it contemplates, and authorizes, reference to the concomitant facts that the sentence was suspended, and that later the suspension was vacated. In other words, evidence of a previous conviction means the whole and true story of the conviction, not a partial and distorted version. I would answer the certified question in the negative.