UNITED STATES, Appellee

v

ROBERT L. BROUSSEAU, Airman First Class,
U. S. Air Force, Appellant

13 USCMA 624, 33 CMR 156

No. 16,408

April 5, 1963

Major William A. Crawford, Jr., argued the cause for Appellant, Accused. With him on the brief were Colonel Daniel E. Henderson, Jr., Colonel Joseph E. Krysakowski, and Lieutenant Colonel Wallace N. Clark.

Major James Taylor, Jr., argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Emanuel Lewis.

## Opinion of the Court

KILDAY, Judge:

The appellant, an airman first class with fifteen years of service, was sentenced to a bad-conduct discharge and reduction to airman basic. His service included eighteen combat missions as a gunner on a B-24 bomber, during one of which he was severely injured when struck on the back by a bomb which fell from its shackle. He was hospitalized in Australia and when released therefrom performed limited duty for a time and then participated in the operations at Hollandia. In the early days of the Philippine invasion he did service therein with an infantry division. He returned to civilian life and after five years re-enlisted as a private. Thereafter he served in Labrador and in Thule, Greenland. He was then assigned to special weapons work with the Atomic Energy Commission in New Mexico; and participated in the atomic bomb tests in the Pacific, having been granted "Q" security clearance. He served as an instructor on special weapons. Thereafter he served in Germany as a member of a reconnaissance wing and moved with the unit to England where he was assigned to a squadron as a Weapons Field Shop Noncommissioned Officer in Charge, though he held the grade of airman first class. The alleged offenses occurred in England where he was tried by a general court-martial.

624

His trial was upon three charges. One involved the violation of a general regulation governing the disposition of items purchased at a base exchange, in violation of Article 92, Uniform Code of Military Justice, 10 USC § 892. Another involved the signing of a false official statement concerning the date upon which he had purchased an automobile from a British national, in violation of Article 107, Uniform Code of Military Justice, 10 USC § 907, and of which he was found not guilty by the court-martial. The remaining charge alleged the making of a false claim against the Government for temporary lodging, in violation of Article 132, Uniform Code of Military Justice, 10 USC § 932.

It appears from the record that appellant was on friendly terms with various British nationals. Each of the charges grew out of alleged business dealings with individual British citizens. The issues of fact as to each were closely contested and the convictions depend upon the resolution of sharp conflicts between the testimony of appellant and the two British individuals involved. The testimony of the only witness to the most serious charge, making a false claim against the Government, was of such a nature as to cause the law officer to instruct the court-martial with reference to the law on the uncorroborated testimony of an accomplice.

The instant trial was a rehearing. At the prior trial, appellant was found guilty of all three charges and his sentence fixed at a bad-conduct discharge, confinement at hard labor for six months, and reduction to airman basic. No forfeitures were adjudged at the prior trial.

This Court granted review on the issue assigned by appellant in his petition as follows:

The instructions on sentence were prejudicially erroneous.

In his instructions as to sentence the law officer stated:

"Before proceeding further, you are advised that the maximum punishment that may be adjudged against the accused is to be discharged from the service with a Bad Conduct Discharge, to be confined at hard labor for six months, and to be reduced to the grade of airman basic. I would like to call your attention to the fact that no forfeiture may be adjudged in this case."

After instructions as to the number of votes required to reach an agreement on sentence, the law officer instructed the court-martial as to its power to impose a reprimand, admonishment, reduction in pay grade, restriction, and hard labor without confinement. Proceeding further as to sentence the following transpired:

"LO: . . . Detention of pay shall not be adjudged in excess of two-thirds pay per month, nor in an amount in excess of two-thirds pay per month for three months. I'm sorry gentlemen, I said no forfeiture would be applicable. There is, of course, a distinction between forfeiture and detention of pay.

"DC: I'll object to that, sir.

"LO: What that there is a distinction between forfeiture of pay and detention?

"DC: "Yes, sir, but detention is a more serious punishment than forfeiture of pay.

"LO: I will at this time instruct the court to disregard anything I have said or counsel has said regarding the detention of pay.

After further instructions on the law and as to the use of the work sheet provided the court-martial, and at the close of the instructions the following colloquy ensued:

"LO: Now I will apologize to the defense counsel, because it may have seemed as if I was being very contentious of your detention of pay. I am assuming something that you hadn't quite stated yet; however, I do want to make it very clear that the maximum punishment in this case is to be guaged [sic] by the fact that you may not impose a sentence in excess of a bad conduct discharge, confinement at hard labor for 6 months,

**625**

and reduction to the grade of Airman Basic.

"Does the court desire any further instructions before you close?

"PRES: We are correct in understanding that no forfeiture may be adjudged?

"LO: No forfeiture may be adjudged in any degree.

"PRES: Not in connection with the maximum sentence?

"LO: No forfeiture of any kind may be imposed.

"The court will be closed."

In case of a rehearing "no sentence in excess of or more severe than the original sentence may be imposed." Article 63(b), Uniform Code of Military Justice, 10 USC § 863.

We appreciate the fact that, as in this instance, upon rehearing on the merits, the law officer is in a difficult and delicate position. He is under the obligation of instructing the court as to the maximum sentence imposable. He must choose such language as to limit the maximum imposable sentence to that at the prior trial and still he dare not indicate that such was the punishment found appropriate on a prior trial. See United States v Jones, 10 USCMA 532, 28 CMR 98. Notwithstanding, it is essential that the court-martial be fully and properly informed as to the sentences available to it.

In his original statement as to the maximum sentence the law officer was, minimally, correct. United States v Eschmann, 11 USCMA 64, 28 CMR 288. However, in the language he chose in eliminating forfeitures and in his replies to the questions propounded by the president of the court, the law officer fell into error. His language did not take into consideration the possible substitution of other punishments for the previously adjudged bad-conduct discharge, confinement and reduction. In United States v Smith, 12 USCMA 595, 31 CMR 181, we approved an instruction on maximum sentence in a case upon rehearing which properly informed the court-martial as to such possible substitutions. See also United States v Quesinberry, 12 USCMA 609, 31 CMR 195; United States v Johnson, 12 USCMA 640, 31 CMR 226; United States v Rodriguez-Garcia, 12 USCMA 647, 31 CMR 233; United States v Prow, 13 USCMA 63, 32 CMR 63.

We are unable to agree with the contention of Government appellate counsel that, even though the instruction on sentence be erroneous, no prejudice resulted to the appellant. This case was tried shortly after the decision of this Court on the substitution of sentences herein cited. The record indicates confusion and misunderstanding by the law officer, trial counsel, and defense counsel on the law in this area as contained in those cases. This is reflected in the affirmative misinstructions on forfeitures.

The record reveals that the court-martial deliberated for three hours and twenty-five minutes before arriving at the sentence to be imposed. In view of appellant's long service, in important assignments, with only one previous conviction—and it a short time before this trial and resulting in a relatively light sentence; and the nature of the offenses of which convicted, it is impossible for us to say that another and less severe sentence would not have been imposed had the court-martial been adequately instructed as to penalty.

The decision of the board of review is reversed. The record will be returned to The Judge Advocate General of the Air Force. A rehearing on sentence may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.