UNITED STATES, Appellee

v

ROBERT PAUL BEACH, Seaman Apprentice,
U. S. Navy, Appellant

15 USCMA 119, 35 CMR 91

No. 17,982

November 6, 1964

*Lieutenant John Thomas Montag*, USNR, was on the brief for Appellant, Accused.

*Major Daniel F. McConnell*, USMC, was on the brief for United States, Appellee.

Opinion of the Court

PER CURIAM:

The accused was convicted by special court-martial convened at the U. S. Naval Station, Newport, Rhode Island,

on one count of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $73.00 per month for a like period, and reduction to pay grade E–1. Intermediate appellate authorities affirmed the conviction and sentence and we granted accused's petition for review to consider whether the accused was prejudiced by the admission into evidence, prior to findings, of a record reflecting that the accused had previously been convicted of another offense.

The accused did not testify on the merits and the case against him was proved by the introduction of several pages from his service record. These documents showed, among other things, the fact and duration of the charged unauthorized absence. However, the first page also reflected that the accused had previously been convicted of a similar offense, for which he had been sentenced to four months' confinement at hard labor, which sentence had been suspended with provision for automatic remission. In the context of this case this evidence was erroneously admitted. United States v Pavoni, 5 USCMA 591, 18 CMR 215. Cf. United States v Kelley, 7 USCMA 584, 23 CMR 48. See also United States v Hubbard, 5 USCMA 525, 18 CMR 149, and United States v Robertson, 14 USCMA 328, 34 CMR 108.

After findings and prior to sentence additional pages of accused's service record were introduced, one page reflecting that the above-mentioned suspension of confinement was vacated and the unexecuted portion thereof ordered to be duly executed. This too was error. United States v Kiger, 13 USCMA 522, 33 CMR 54.

It is noted that the convening authority and the staff legal officer recognized the error of placing before the court, prior to findings, the record of a prior offense but considered this error not to be material in the light of the unrebutted evidence of the current offense. The latter also recognized that it was error for the court to be informed of the vacation of the previously suspended sentence but in view of the nature of the current offense and the accused's prior poor service record, he considered the sentence appropriate.

In the absence of any direct attack on the evidence of guilt (in this case those portions of the service record reflecting accused's absence and return), and none is made here, we fail to perceive a fair risk that the inadmissible evidence improperly influenced the finding of guilty. United States v Pavoni, supra. We take a contrary view, however, of the error committed subsequent to findings and prior to sentence. United States v Kiger, supra. Notwithstanding the fact that the staff legal officer noted this error and nevertheless considered the sentence adjudged as appropriate, which action might be considered in the nature of a reassessment (cf. United States v Peters, 8 USCMA 520, 25 CMR 24), we believe the error to be of such a nature as to require a rehearing on sentence by the triers of fact.

Accordingly, the decision of the board of review as to sentence is reversed. The record of trial is returned to The Judge Advocate General of the Navy. A rehearing on sentence may be ordered.