UNITED STATES, Appellee

v

DEAN A. WARBORG, Airman Apprentice, U. S. Navy, Appellant

16 USCMA 32, 36 CMR 188

No. 19,086

February 11, 1966

*Commander Walter F. Brown,* USN, was on the brief for Appellant, Accused.

*Major Paul F. Henderson, Jr.,* USMC, was on the brief for Appellee, United States.

PER CURIAM:

At his trial by special court-martial, the accused pleaded guilty to three specifications of absence without leave and one specification of larceny of various Government tools. He was sentenced to a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $50.00 per month for six months, and reduction to the lowest enlisted grade.

During the formal convening procedures, trial counsel inquired of the court members whether they were aware of any fact which would constitute a ground for challenge against them. Two members replied in the affirmative and recounted information, personally known to them, regarding at least three prior separate offenses, each of which was apparently not involved in this case. The two members were excused from sitting by the president of the court. Despite these disclosures, however, trial counsel informed the court, at the appropriate place in the trial, that he had no evidence of prior convictions. Under these circumstances, it is obvious that the remaining court members were improperly made aware of information regarding other acts of misconduct by the accused. No instruction limiting the court's consideration of these matters was given by the president. The effect of such disclosures, under these circumstances, is "a harvest of harm" to be reaped by the accused. United States v Richard, 7 USCMA 46, 51, 21 CMR 172.

The defect, however, goes only to the sentence for the accused by his plea of guilty obviated the need for the members to resolve the issue of guilt or innocence. United States v Lucas, 1 USCMA 19, 1 CMR 19.

We take a contrary view, however, with regard to the effect it may have had on the sentence. The purpose of receiving evidence of previous convictions after findings of guilty have been announced is to afford the court-martial information concerning accused's prior criminal record and, in some instances, to allow the imposition of permissible additional punishments. United States v Kiger, 13 USCMA 522, 33 CMR 54. In this case, trial counsel announced he had no such evidence. Nevertheless, the court members were aware, by reason of the above-indicated admissions of two of their former members, that the accused had previously been guilty of misconduct of a nature at least serious enough to disqualify these members from passing judgment and sentence on the present charges. What weight this had on their deliberations, we cannot say, but we believe it sufficiently serious to require a rehearing on sentence by the triers of fact. United States v Beach, 15 USCMA 119, 35 CMR 91.

The decision of the board of review as to the sentence is set aside. The record of trial is returned to The Judge Advocate General of the Navy. A rehearing on sentence may be ordered.