UNITED STATES, Appellee

v.

JAMES A. WATKINS, Aviation Electrician's Mate Airman,
U. S. Navy, Appellant

2 USCMA 287, 8 CMR 87

No. 834

Decided March 9, 1953

Cdr. Raymond van Wolkenten, USN, for Appellant. Cdr. Robert F. Milota, USN, for Appellee.

## Opinion of the Court

George W. Latimer, Judge:

Accused was tried by special court-martial for two days' absence without leave in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He pleaded guilty to the offense charged, was found guilty, and sentenced to receive a bad-conduct discharge, and to forfeit $73.50 per month for six months. Three previous convictions were properly before the court-martial and taken into consideration when the sentence was imposed. The convening authority approved the sentence as given, but the officer exercising general court-martial jurisdiction approved only so much of it as provided for a bad-conduct discharge and forfeiture of $36.00. He suspended the bad-conduct discharge until completion of appellate review, but ordered the forfeiture to be applied to pay becoming due on and after the date of his action. The board of review in the office of The Judge Advocate General of the Navy approved only so much of the sentence as included a bad-conduct discharge, holding that because the sentence included a punitive discharge no part of it could be executed until completion of appellate review; and further, that since the sentence did not include confinement the execution of the discharge could not be delayed to permit collection, and no forfeiture of pay could result.

The Judge Advocate General, United States Navy, certified the case to this Court requesting that we determine the legality of the action of the officer exercising general court-martial jurisdiction. His action is set out below. For purposes of clarity, we have divided it into four specific parts. As separated, his order reads as follows:

". . . [1] only so much of the sentence as . . . provides for a bad conduct discharge and forfeiture of thirty-six dollars is approved and [2] will be duly executed, but [3] the execution of that portion thereof adjudging a bad conduct discharge is suspended until completion of appellate review. [4] The forfeiture shall apply to pay becoming due on and after the date of this action. . . ." [Enumeration supplied]

In out discussion we shall first resolve the legality of the action found in the last three subdivisions of the order and then consider the first.

The power of the supervisory authority to review the record of a conviction by a special court-martial is found in Article 65(b), Uniform Code of Military Justice, 50 USC § 652. That Article provides:

"(b) Where the sentence of a special court-martial as approved by the convening authority includes a bad-conduct discharge, whether or not suspended, the record shall be forwarded to the officer exercising general court-martial jurisdiction over the command to be *reviewed in the same manner as a record of trial by general court-martial* or directly to the appropriate Judge Advocate General to be reviewed by a board of review. If the sentence as approved by an officer exercising general court-martial jurisdiction includes a bad-conduct discharge, whether or not suspended, the record shall be forwarded to the appropriate Judge Advocate General to be reviewed by a board of review." [Emphasis supplied]

This provision is implemented by paragraph 94a(3), Manual for Courts-Martial, United States, 1951, which broadens the Code provision by the inclusion of an authorization to act upon the record. That paragraph is as follows:

"(3) . . . If the sentence of a special court-martial as approved by a convening authority who does not exercise general court-martial jurisdiction includes a bad conduct discharge, whether or not suspended, the record shall, ordinarily, be for-

warded to the officer exercising general court-martial jurisdiction over the command *to be reviewed and acted upon in the same manner as a record of trial by a general court-martial* (Art. 65b). Such authority shall act only with respect to the findings of guilty and the sentence as approved or suspended by the convening authority. . . ." [Emphasis supplied]

That the Department of the Navy has adopted the same broad construction of the provision of the Code is illustrated by the following provision from the Naval Supplement to the Manual (paragraph 0107b, page 8):

"In the case of a special court-martial where the sentence includes a bad conduct discharge, see Par. 94a (3), MCM. Even though the officer exercising general court-martial jurisdiction has no law specialist assigned to his staff, he may, after referring the record to his legal officer for review and advice (Par. 85, MCM), *act upon the record in the same manner as a record of trial by a general court-martial* . . . ." [Emphasis supplied]

Thus, our determination of the legality of the order in the instant case rests upon the powers which have been granted by the Code to convening authorities and which, in certain special court-martial cases, have been extended to supervisory authorities by the previously quoted provisions.

Article 71 of the Code, 50 USC § 658, controls the execution and suspension of sentences. It provides as follows:

"(a) No court-martial sentence extending to death or involving a general or flag officer shall be executed until approved by the President. He shall approve the sentence or such part, amount, or commuted form of the sentence as he sees fit, and may suspend the execution of the sentence or any part of the sentence, as approved by him, except the death sentence.

"(b) No sentence extending to the dismissal of an officer (other than a general or flag officer), cadet, or midshipman shall be executed until approved by the Secretary of the Department, or such Under Secretary or Assistant Secretary as may be designated by him. He shall approve the sentence or such part, amount, or commuted form of the sentence as he sees fit, and may suspend the execution of any part of the sentence as approved by him. In time of war or national emergency he may commute a sentence of dismissal to reduction to any enlisted grade. A person who is so reduced may be required to serve for the duration of the war or emergency and six months thereafter.

"(c) No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more shall be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals.

"(d) All other court-martial sentences, unless suspended, may be ordered executed by the convening authority when approved by him. The convening authority may suspend the execution of any sentence, except a death sentence."

It is apparent from these provisions that the convening authority (or supervisory authority in special court-martial cases) may order the execution of a sentence at the time of his approval except in those cases involving a general or flag officer or where the sentence includes a sentence to death, dismissal of an officer, an unsuspended dishonorable or bad-conduct discharge, or confinement for one year or more, since Article 71(d), supra, states that the convening authority may order all other sentences to be executed "when approved by him." If the sentence in the instant case is among those included in the phrase "all other sentences" the supervisory authority has power to order it executed. Cast within the structure of Article 71 "all other sentences" could only mean those not included within the other subarticles.

That this construction must have been adopted by the framers of the

Manual for Courts-Martial, United States, 1951, seems to follow in view of the language used by them. Paragraph 88(d), at page 149 states in part as follows:

". . . Except in the case of a new trial, if the convening authority in his action approves but suspends the execution of that part of a sentence providing for dishonorable or bad conduct discharge, or confinement for one year or more, *he may order all other parts of the sentence into execution unless* any part thereof requires approval by the President under Article 71a or the Secretary of a Department under 71b." [Emphasis supplied]

Accordingly, the action of the supervisory authority ordering the immediate execution of the forfeiture in the present case was proper under Article 71(d) if the suspension of the bad-conduct discharge was effective. This requires our consideration of that part of his action.

The principles controlling the nature of the suspension of the punitive discharge in the instant case are, to some extent, interwoven with those governing the power of the supervisory authority to order execution of the forfeitures. Here, execution of the bad-conduct discharge until completion of appellate review was specifically prohibited by the provisions of Article 71(c). In view of this, Government appellate counsel contend that a suspension during the appellate phase is automatic, and that the supervisory authority's order of suspension, if not illegal, was unnecessary and of no force or effect. We would be able to discern some merit in this contention were it not for the fact that the language of the articles appears merely to bar the execution of the punitive discharge, and although the practical effect may be the same, it is not an actual suspension. The word "unsuspended" in the provision is apparently used as a word of art intending to mean the absence of some affirmative action. Were this not the case its inclusion would serve no useful purpose since, under the other interpretation, all such sentence would be suspended automatically.

290

The supervisory authority took the necessary affirmative action to suspend the execution of the sentence but the board of review concluded that because it was probable the suspension was included for the sole purpose of executing immediately another portion of the sentence, namely, the forfeiture, such action was illegal and contrary to the customs of the service. The Code and Manual contain no specific restrictions as to the reasons which may motivate a suspension. Certain considerations which are intended to be influential in limiting such action are proposed, but the tenor of the paragraphs dealing with the subject denotes a discretionary power in this regard. Certain it is that we should not graft on any limitation not expressed in the Code or Manual. The provision which comes the closest to suggesting that the action taken in this case might not be appropriate is found at page 150 of the Manual. The following there appears:

"A part of a sentence should not be suspended if it would be contrary to the customs of the service to execute the portion of the sentence that remains unsuspended. For example, with respect to a sentence of dishonorable or bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor, it would be contrary to the customs of the service to suspend the execution of the punitive discharge and the confinement and order the total forfeitures into execution."

That provision of the Manual is directed toward the prohibition of a suspension action where the sentence involves *total forfeitures*. The reasons which support such a policy in that instance are not applicable in the present setting. To require an accused, without confinement, to remain in the service performing his duties during a period of suspension, with the receipt of no compensation whatever, presents a different situation from that now before us where a forfeiture of one payment of $36.00 is involved or one where a partial forfeiture only is involved. We know of no compelling policy, and have been referred to none, which would prohibit suspending the bad-

conduct discharge in a case such as this. Accordingly, it is our conclusion that the order of suspension by the supervisory authority was proper. That being so the sentence is not one which is covered by Article 71 (c), but is one of the "other sentences" referred to in Article 71 (d), upon which the supervisory authority may act.

We shall attempt to clarify one other misconception found in the opinion of the board of review. Appellate defense counsel contended, and the board of review held, that the immediate execution of the forfeiture in the instant case was premature since the sentence does not include confinement, and that form of punishment is required in order to bring the sentence within the provisions of Article 57(a), 50 USC § 638, authorizing application of forfeitures upon approval by the convening authority. Although that provision is applicable in a proper case, we cannot adopt the contention that it prohibits the action taken here for two reasons. The sentence did not include confinement and there is a difference between execution of a sentence and application of forfeitures. We are here concerned with a partial execution of the sentence, not with the dates forfeitures may be applied. Article 57 of the Code, supra, which, in addition to regulating the date forfeitures may be applied, also deals with the effective date of sentences. It is as follows:

"(a) Whenever a sentence of a court-martial as lawfully adjudged and approved includes a forfeiture of pay or allowances in addition to confinement, not suspended, the forfeiture may apply to pay or allowances becoming due on and after the date such sentence is approved by the convening authority. No forfeiture shall extend to any pay or allowances accrued before such date.

"(b) Any period of confinement included in a sentence of a court-martial shall begin to run from the date the sentence is adjudged by the court-martial, but periods during which the sentence to confinement is suspended shall be excluded in computing the service of the term of confinement.

"(c) All other sentences of courts-martial shall become effective on the date ordered executed."

In order to determine whether the sentence in this case could possibly violate this provision, it is advisable to construe the provision in connection with those of Article 71. When that is done the various portions of a sentence become effective in the following order: (a) that portion of the sentence ordering confinement is effective on the date sentence is imposed by the court-martial; (b) if in addition to confinement, unsuspended, a sentence includes forfeitures, it may become effective on the date the convening authority approves; (c) if confinement is not included, forfeitures may become effective on the date the convening authority orders them into execution; (d) punitive discharges may not be effective until the appellate processes have been completed; and (e) the sentences of death, dismissal from the service, or those affecting a general or flag officer may not be effective until approved by the appropriate executive.

Returning to the action in the present case, and applying the principles herein discussed, we conclude that the sentence herein falls within the category designated (c) above, allowing the forfeitures to become effective when the convening or supervisory authority orders them into execution. Having hereinbefore held that the officer exercising general court-martial jurisdiction was acting within the scope of his authority when he suspended the execution of the bad-conduct discharge, it follows that the portion of his action which stated the sentence "would be duly executed" effectively and properly ordered the immediate execution of the forfeiture under the provisions of Article 71 (d), supra. This being so, if the provisions of Article 57, supra, are important and become operative in this instance, it is certain that the effective date of the sentence and forfeitures would permit immediate execution.

Accordingly, we hold those portions of the supervisory authority's action

which suspended the bad-conduct discharge and ordered the immediate execution of the forfeiture to be legal.

We now turn to a discussion of the supervisory authority's approval of that portion of the sentence █ tence imposing a forfeiture of $36.00. Paragraph 88a, page 147, Manual for Courts-Martial, United States, 1951, states:

"Neither the convening authority nor any other officer is authorized to add to the punishment imposed by a court-martial. A sentence adjudged by the court may be approved if it was within the jurisdiction of the court to adjudge and it does not exceed the maximum limits prescribed by the President under Article 56 (ch. XXV) for the offenses of which the accused legally has been found guilty. When a sentence in excess of the legal limits is divisible, *such part as is legal may be approved. . . .*" [Emphasis supplied]

In determining whether the sentence approved was legal, consideration must be given to the provisions of paragraph 127c, Section B, Manual for Courts-Martial, United States, 1951, which states:

"If an accused is found guilty of an offense or offenses for none of which dishonorable or bad conduct discharge is authorized, *proof of two or more previous convictions will authorize bad conduct discharge and forfeiture of all pay and allowances* and, if the confinement otherwise authorized is less than three months, confinement at hard labor for three months. *In such a case no forfeiture shall be imposed for any period in excess of the period of confinement so adjudged. . . ."* [Emphasis supplied]

Pursuant to the provisions of the above-quoted paragraph, evidence of three previous convictions of the accused was duly received and apparently considered. This evidence justified imposition of the bad-conduct discharge. However, a question remains as to the appropriateness of that portion of the sentence which imposed forfeitures.

Our attention has not been directed to any provision of the Code or Manual which states that forfeitures may be imposed only if incidental to a sentence of confinement. The first part of paragraph 127c, supra, would appear to authorize a bad-conduct discharge, total forfeitures or confinement for three months or less upon a showing of two or more previous convictions. The provision fixes the maximum that may be imposed but it does not state that each form of punishment may not be severable from the other. This may be contrary to the previous service rule (see United States v. Boozer, 4 BR 309), but if so we adopt the new construction. However, the last sentence of the paragraph quoted provides that "In such case no forfeitures shall be imposed for any period in excess of the period of confinement so adjudged." In the present instance, since no period of confinement was imposed, the computations of the amount of forfeitures cannot be based upon the authority of that paragraph. It is apparent that the district legal officer, who reviewed the case after the convening authority's approval and prior to the action by the supervisory authority, recognized that the original assessment of forfeiture in the amount of $73.50 was excessive. In his review he stated that the permissible maximum was a total forfeiture in the amount of ten days' pay. However, the Table of Maximum Punishments contained in paragraph 127c of the Manual, at page 220, authorizes forfeitures of pay not to exceed two days' pay for each day or fraction of a day of absence. This would appear to limit forfeitures to less than ten days. We, therefore, hold that the portion of the order approving a forfeiture in the amount of $36.00 is excessive and therefore illegal.

The question certified by The Judge Advocate General having been answered, the case is returned to him for action consistent with the views stated herein.

Chief Judge QUINN and Judge BROSMAN concur.