UNITED STATES, Appellant

v

CHARLES R. TRAWICK, Sergeant First Class,
U. S. Army, Appellee

10 USCMA 80, 27 CMR 154

No. 12,158

Decided December 19, 1958

*First Lieutenant Wade H. Sides, Jr.*, argued the cause for Appellant, United States. With him on the brief were *Major Thomas J. Nichols* and *First Lieutenant Paul R. Walsh*.

*Colonel James Garnett, Captain Arnold I. Melnick, First Lieutenant James G. Garner*, and *First Lieutenant William L. Garwood* were on the brief for Appellee, Accused.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

In accordance with the provisions of Article 67(b) (2), Uniform Code of Military Justice, 10 USC § 867, the Acting The Judge Advocate General of the Army requested the Court to review this case on the following question of law:

"Was the board of review correct in concluding that the action of the convening authority in ordering the partial forfeitures into immediate execution was illegal?"

A general court-martial found the accused guilty of several violations of the Uniform Code of Military Justice and sentenced him to be discharged from the service with a bad-conduct discharge and to forfeit all pay and allowances. The convening authority set aside some of the findings of guilty and affirmed only so much of the sentence as provided for forfeiture of $70 per month for six months. He suspended execution of the discharge until completion of appellate review but ordered into execution the forfeiture part of the sentence. When the case came before the board of review, appellate defense counsel alleged three errors. One of these concerned the instructions by the law officer; the other two related to the convening authority's action. Appellate counsel contended the convening authority erred to the accused's prejudice in two separate respects: (1) he ordered the forfeiture into execution at the time of his action, and (2) he did not reduce the sentence or order a rehearing on the sentence as he should have done in view of his disapproval of the findings of guilty of the "principal offenses." See United States

80

v Oakley, 7 USCMA 733, 23 CMR 197; United States v Johnson, 7 USCMA 488, 22 CMR 278. The board of review agreed with both contentions. In regard to the second, it determined that a "substantial reduction" in the sentence was warranted. As to the first, it held the convening authority's action resulted in increasing the severity of the sentence by accelerating illegally the time forfeitures could become effective. In reaching this conclusion, the board relied upon such cases as United States v Mueller, 10 CMR 189, and United States v Dashiell, CM 399845, decided June 3, 1958. The sentence approved by the board of review consists only of the forfeiture of $70 per month for six months "with the application deferred pending completion of appellate review."

In holding that the convening authority could not legally order the partial forfeitures into execution before completion of appellate review, the board of review distinguished the opinion of this Court in United States v Watkins, 2 USCMA 287, 8 CMR 87. In the *Watkins* case the accused was sentenced to a bad-conduct discharge and partial forfeiture of pay per month for six months. The convening authority approved the punitive discharge but reduced the forfeiture to $36. As in this case, he suspended execution of the discharge until completion of appellate review and ordered the forfeiture into execution. We held that under Article 71, which defines the conditions under which a sentence can be ordered into execution, the action taken by the convening authority was legal. At the same time we pointed out

that Article 57, which pertains to the effective date of the various parts of a sentence and which was relied upon by the board of review, does not qualify the power of the convening authority under Article 71. We said that it is a "misconception" of the language and purpose of Article 57 to construe the Article as a restriction on the convening authority's power under Article 71.[1] The opinion drew a clear distinction between approval of a sentence and its execution. The distinction was made more explicit in a later case in which we held that approval and execution are distinct legal acts. See United States v McDaniel, 7 USCMA 56, 21 CMR 182.

Except for one matter, the situation in the *Watkins* case is identical with that here. The exception is that in *Watkins* the partial forfeiture was for one month, while in this case it extends over a period of six months. The board of review considered the difference material. It said:

". . . The accused, as a result of the convening authority's action in such cases is subjected to the immediate forfeiture of two-thirds of his pay, not just the one time forfeiture of a few dollars as in *Watkins*."

Apparently, the board of review overlooked the fact that the legality of the convening authority's action does not depend upon the dollar amount of the forfeiture, or whether it applies to one month or several months. Notwithstanding variations in amount and time, the forfeiture is still "partial" as distinguished from "total." The importance of this distinction was noted in

---

[1] Article 57, in pertinent part, provides as follows: "(a) Whenever a sentence of a court-martial as lawfully adjudged and approved includes a forfeiture of pay or allowances in addition to confinement not suspended, the forfeiture may apply to pay or allowances becoming due on or after the date the sentence is approved by the convening authority. No forfeiture shall extend to any pay or allowances accrued before that date.

. . . . .

"(c) All other sentences of courts-martial are effective on the date ordered executed."

Article 71 provides: "(c) No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals.

"(d) All other court-martial sentences, unless suspended, may be ordered executed by the convening authority when approved by him. The convening authority may suspend the execution of any sentence, except a death sentence."

the *Watkins* case. Discussing the Manual provision[2] against suspension of one part of a sentence and execution of other parts as it relates to partial forfeitures, we said:

"That provision of the Manual is directed toward the prohibition of a suspension action where the sentence involves *total forfeitures*. The reasons which support such a policy in that instance are not applicable in the present setting. To require an accused, without confinement, to remain in the service performing his duties during a period of suspension, with the receipt of no compensation whatever, presents a different situation from that now before us where a forfeiture of one payment of $36.00 is involved or one where a partial forfeiture only is involved." [United States v Watkins, supra, at page 290.]

We considered the problem again in United States v Varnado, 7 USCMA 109, 21 CMR 235. Again we held that suspension of the punitive discharge part of the sentence does not prevent the convening authority from ordering into immediate execution that part of the sentence providing for partial forfeiture.[3] The board of review, therefore, erred in holding that the convening authority's action was illegal. Consequently, the certified question is answered in the negative. The decision of the board of review in regard to the forfeitures is set aside and the record of trial is returned to it for further proceedings consistent with this opinion.

Judges LATIMER and FERGUSON concur.

---

[2] Manual for Courts-Martial, United States, 1951, paragraph 88e, page 150: "A part of a sentence should not be suspended if it would be contrary to the customs of the service to execute the portion of the sentence that remains unsuspended. For example, with respect to a sentence of dishonorable or bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor, it would be contrary to the customs of the service to suspend the execution of the punitive discharge and the confinement and order the total forfeitures into execution."

[3] We are not called upon to decide whether the suspension directed by the convening authority constitutes such "affirmative action" (see United States v Watkins, supra, page 290) as to bring the suspension within the provisions of Article 72 which require a hearing to vacate the suspension. See United States v Hamill, 8 USCMA 464, 468, 24 CMR 274, opinion by Chief Judge Quinn.