UNITED STATES, Appellant

v

THOMAS L. DEVORE, Private, U. S. Army, Appellee

10 USCMA 375, 27 CMR 449

No. 12,909

Decided April 24, 1959

*Lieutenant Colonel James G. McConaughy* and *First Lieutenant Wade H. Sides, Jr.,* were on the brief for Appellant, United States.
*Colonel James Garnett, Captain Arnold I. Melnick,* and *First Lieutenant William L. Garwood,* were on the brief for Appellee, Accused.

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was convicted by a general court-martial of larceny of a wrist watch of some unspecified value, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921, and was sentenced to a bad-conduct discharge and total forfeitures. The convening authority reduced the forfeitures to $55.00 per month for six months, suspended the discharge until completion of appellate review, and ordered execution of the forfeiture portion of the sentence. The board of review, describing the suspension as one of indefinite duration, purported to reduce the period thereof by fixing June 16, 1959, as the date on which the same would be remitted unless sooner vacated. With this modification it affirmed the approved sentence.

The Judge Advocate General of the Army, acting pursuant to Article 67 (b) (2) of the Code, supra, 10 USC § 867, has requested our action with respect to the following issue:

Was the board of review correct in holding that, in the absence of confinement, the convening authority could not suspend the execution of the punitive discharge without providing for its automatic remission?

In essence, this is the same question as that presented by United States v May, 10 USCMA 358, 27 CMR 432, decided this date. There we held:

". . . Once a convening authority so empowered, undertakes to suspend any portion of a sentence, such suspension—without reference to the language employed or omitted—constitutes the accused a probationer whose status may be changed only after a full hearing."

Whether or not the approved sentence includes confinement is of no importance. United States v Cecil, 10 USCMA 371, 27 CMR 445.

These authorities effectively dispose of the issue certified.

They do not completely dispose of the case, however, for, by its terms, the suspension in this case was for the period of appellate review only. That period will expire prior to June 16, 1959. Since subsequent authorities cannot extend the period of suspension, this portion of the board's action is illegal. United States v Butts, 7 USCMA 472, 22 CMR 262.

As thus modified, the decision of the board of review is affirmed.

Chief Judge QUINN concurs:

LATIMER, Judge (dissenting):

I dissent.

My views on this question are set forth in my dissenting opinion in United States v May, 10 USCMA 358, 27 CMR 432, this day decided, and accordingly I must disagree with my brothers. I would answer the issue certified in the case at bar in the negative, and I would reverse the decision of the board of review.