UNITED STATES, Appellee

v

EDWIN C. LOCK, Chief Warrant Officer,
U. S. Army, Appellant

15 USCMA 574, 36 CMR 72

No. 18,753

December 30, 1965

*Captain Frank J. Martin, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel Joseph L. Chalk* and *Lieutenant Colonel Jacob Hagopian.*

*Captain Michael E. Phenner* argued the cause for Appellee, United States. With him on the brief were *Colonel Joseph J. Crimmins* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Tried by general court-martial and convicted of a number of specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, the accused was sentenced to dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years. The convening authority approved the sentence but suspended the confinement and so much of the forfeitures as exceeded $150.00 per month for five years. The board of review affirmed. We granted accused's petition for review upon the issues whether the board of review properly directed application of the forfeitures to accused's ultimately approved sentence and whether, in measuring the appropriateness of the penalty to be approved, it was correct in considering a subsequent action on the case which directed vacation of the suspension of the adjudged and approved confinement.

### I

To put the first issue in proper perspective, it is necessary to consider the two post-trial actions taken by convening authorities on this record. The initial action was taken by the authority who actually convened the court-martial which tried Lock. It was signed on October 5, 1964, and had the effect of approving the sentence but probationally suspending all the confinement and forfeitures in excess of $150.00 per month for five years. It also directed the forfeitures should apply to "pay becoming due on and after the date of this action." The second action on the case was made effective March 29, 1965, by the convening authority then having jurisdiction over the accused, and vacated the earlier suspension of the confinement.

It contained no provision regarding the applicability of forfeitures.

The board of review found the application of the forfeitures to pay becoming due on and after the date of the initial action on the record was illegal in view of the fact that a sentence to punitive discharge was approved but all confinement was suspended. Nevertheless, it concluded the only impediment to the application of the forfeitures was removed with the vacation of the suspension on March 29, 1965, and, accordingly, it directed the application to be made from that date.

Before us, the Government contends the board erred in its original premise and, given the reduction from total to partial forfeitures, the convening authority was entitled to order their application to pay thereafter accruing, even though he simultaneously approved a sentence extending to a dishonorable discharge and suspended confinement. Hence, it urges the board's action in delaying the application until the date of the second action conferred an unwarranted benefit on the accused, which could not have prejudiced him.

Appellate defense counsel, on the other hand, argue that, not only was the board correct as to the original action, but, in addition, the vacation of the suspension cannot serve to breathe life into the earlier action and cause the forfeitures now to be made applicable.

We must reject the Government's initial contention, which it premises on our decisions in United States v Trawick, 10 US CMA 80, 27 CMR 154, and United States v Watkins, 2 USCMA 287, 8 CMR 87. As we pointed out in United States v White, 14 USCMA 646,

**575**

34 CMR 426, a sentence to an approved punitive discharge which does not also contain unsuspended confinement will not permit application of adjudged forfeitures to pay and allowances accruing on and after the date of the convening authority's action. In view of the apparent confusion in this area, we develop the matter further.

Code, supra, Article 57, 10 USC § 857, provides pertinently:

"(a) Whenever a sentence of a court-martial as lawfully adjudged and approved includes a forfeiture of pay or allowances *in addition to confinement not suspended,* the forfeiture may apply to pay or allowances becoming due on or after the date the sentence is approved by the convening authority. No forfeiture may extend to any pay or allowances accrued before that date.

• • • • • • •

"(c) *All other sentences of courts-martial are effective on the date ordered executed."* [Emphasis supplied.]

In addition to the foregoing provisions of the Code regarding the effective date of sentences, however, it is also provided in Code, supra, Article 71, 10 USC § 871, as follows:

"(c) No sentence *which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more,* may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals." [Emphasis supplied.]

As we have heretofore noted, these statutory provisions must be read together. United States v White; United States v Trawick, both supra. So construed, it is apparent the forfeitures could not be made effective by the initial action in this case, as it undertook to suspend accused's sentence to confinement, and, at the same time, to approve the adjudged punitive discharge. Thus, Code, supra, Article 57, specifically requires the inclusion of "confinement not suspended" in the approval of the sentence in order for the forfeitures to be made applicable as of the date of the convening authority's action. "All other sentences" become effective when ordered executed and, as noted, Code, supra, Article 71(c), provides for execution of a sentence which includes an unsuspended punitive discharge only when it is affirmed by the board of review or, in cases reviewed by it, this Court. As the action of the convening authority here suspended the confinement, he could not immediately order the forfeitures made applicable, for he also approved the punitive discharge and thereby deferred the execution of the sentence until appellate review was completed. In short, the situation here is legally the same as that in United States v White, supra, and the same result must obtain.

The Government nonetheless argues a distinction should be made here on the basis that the convening authority sought only to apply a partial forfeiture to accused's pay as opposed to the total forfeiture involved in *White,* supra. We rejected a similar contention in United States v Trawick, supra, and pointed out "the legality of the convening authority's action does not depend upon the dollar amount of the forfeiture, or whether it applies to one month or several months." United States v Trawick, supra, at page 81. Nor is there any support for the Government's position to be found in United States v Varnado, 7 USCMA 109, 21 CMR 235. There, the convening authority suspended both the confinement and the punitive discharge. He was, therefore, empowered to order the balance of the sentence into execution immediately. See also United States v Smith, 3 USCMA 336, 12 CMR 92. It is apparent, then, the board of review was correct in its initial conclusion that the convening authority could not approve the punitive discharge, suspend the confinement, and order the forfeitures made applicable from the date of his action. Code, supra, Articles 57, 71; United States v White, supra.

Is there any basis, then, for the

board ordering the forfeitures made applicable as of the date ▮▮▮▮▮▮▮ of the second action on the case which vacated the earlier suspension of the confinement and, thus, rendered the sentence one which, in the contemplation of Code, supra, Article 57, was subject to having such step taken as of that date? We believe so. True, the earlier attempt so to apply the forfeitures was in derogation of the Article and, as such, was a nullity. Thus, the board's action finds no foundation therein. Moreover, it is not the board, but the convening authority who is empowered to apply forfeitures under Article 57. See Code, supra, Articles 60, 64, 10 USC §§ 860, 864, and concurring opinion of Chief Judge Quinn, United States v Varnado, supra. Indeed, if a case comes to the board as one in which the application of forfeitures is deferred until the sentence is ordered into execution, the board's action in purporting to apply them at an earlier date would amount to increasing the sentence approved below, something which it cannot do. Cf. United States v Jefferson, 7 USCMA 193, 21 CMR 319; United States v Estill, 9 USCMA 458, 26 CMR 238; United States v DeVore, 10 USCMA 375, 27 CMR 449.

Be that as it may, the board's ordering the forfeitures made applicable to pay accruing on and after the date of the second action in this case can have no effect upon the rights and privileges of the accused, for it amounts to no more than a recordation of the legal effect of the second action. The convening authority, in vacating the suspension of confinement ordered in the initial action on the case, thereby varied the terms of the earlier action, as, in a proper case, he is permitted to do under Code, supra, Article 72, 10 USC § 872. See United States v May, 10 USCMA 358, 27 CMR 432; United States v Cecil, 10 USCMA 371, 27 CMR 445; and United States v DeVore, supra. As a result of such action, the sentence included unsuspended confinement and there was no legal impediment to the application of forfeitures to pay accruing on and after the date of the second action. Code,

supra, Article 57; United States v White, supra. And as the Government points out, this second action did not direct application of the forfeitures to be deferred until the sentence was ordered into execution. Absent such a deferral, the forfeitures are automatically applied to all pay and allowances accruing on and after the date of the action. Code, supra, Article 57; Manual for Courts-Martial, United States, 1951, paragraph 88e(2)(c). Hence, the convening authority's action vacating the suspension of confinement in itself permits immediate application of the forfeitures, and there was no requirement for direction to that effect by the board of review. Its order, therefore, could in nowise prejudice the accused, as it merely expressed that which was already implicit in the second action.

II

The remaining assignment inquires whether the board of review acted properly in considering the vacation action of the second convening authority in determining the appropriateness of the sentence which it would approve. See United States v Kiger, 13 USCMA 522, 33 CMR 54. The short answer to the contention is that the board did not purport so to consider the vacation proceedings. Rather, it looked to the second action only in determining the issue of applicability of the forfeitures, a question of law quite properly before it. Aside from that consideration, however, we note the Uniform Code specifically directs the convening authority in all general courts-martial and certain special courts-martial to "send the entire record, including his action thereon," to the appropriate Judge Advocate General for completion of appellate review. Subsequent actions on the same record may be taken by any officer actually exercising general court-martial jurisdiction over the accused. Code, supra, Article 61; Manual, supra, paragraph 90b(2). As they modify the original action on the record, they, too, form a part thereof and are required to be forwarded under the

provisions of Code, supra, Article 65. Hence, it is clear the subsequent action was properly before the board of review. What the situation would be if other uses were made of the action by the board need not now concern us, nor do we express any views thereon.

In sum, then, we agree with the board's determination that the convening authority could not, in his initial action, order the application of forfeitures in view of the approved and unsuspended discharge and the suspension of confinement. United States v White, supra. Nor could the board direct such application itself as of the date of the second action vacating the suspension of confinement. Nevertheless, the second action had the same effect, as it did not order deferral of the collection until execution of the approved sentence. Manual, supra, paragraph 88e(2)(c). Thus, the board's action constituted only a notation of that effect for the record and could not prejudice the accused. In like manner, we find the second action properly before the board as a part of the record, see Code, supra, Articles 61, 64, and 65, and, in any event, we see no indication it in any manner referred thereto in determining the appropriateness of the accused's sentence. We find no prejudicial error in the proceedings.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.