UNITED STATES, Appellee

v

JOSEPH G. FADDIS, Private,
U. S. Army, Appellant

18 USCMA 377, 40 CMR 89

No. 21,819

June 6, 1969

*Captain Karl J. Uebel* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker,* and *Major John Wall Hanft*.

*Captain Richard K. Bank* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick* and *Major Edwin P. Wasinger*.

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial sentenced the accused to reduction to the grade of E–1, confinement at hard labor for one year, and forfeiture of all pay and allowances for a like period. He contends that, since the court-martial sentence did not include a punitive discharge, the convening authority and the board of review could not approve confinement in excess of six months or forfeitures in excess of two-thirds pay per month for six months.

The accused's contention is predicated upon provisions in the Manual for Courts-Martial, United States, 1951, to the effect that a court-martial "shall not" adjudge a sentence to confinement at hard labor for more than six months or provide for forfeitures of more than two-thirds pay per month for more than six months unless a punitive discharge is also included. *Id.*, paragraph 127*b*. We examined these Manual provisions in earlier cases and determined they were inconsistent with the sentence power of courts-martial delineated in the Uniform Code of Military Justice. We, therefore, held that, notwithstanding these provisions, courts-martial have authority to impose a sentence which provides for confinement and forfeiture of pay in excess of six months but does not include a punitive discharge. United States v Varnadore, 9 USCMA 471, 26 CMR 251; United States v Jobe, 10 USCMA 276, 27 CMR 350. The accused argues these cases should apply only to courts-martial and that the Manual provisions should be construed as binding upon reviewing authorities. At least two circumstances militate against this view.

First, by their terms, the Manual provisions were apparently intended as limitations upon courts-martial. Before *Varnadore* and *Jobe,* a reviewing authority might conform a court-martial sentence to the limitations set out in the Manual provisions, but that action was in the exercise of appellate authority to cure trial error, not the re-

**377**

sult of independent restrictions on its powers over the sentence. United States v Brasher, 2 USCMA 50, 6 CMR 50, overruled in *Varnadore*. Secondly, *Jobe* and *Varnadore* determined that the Manual provisions could not diminish the statutory authority of the court-martial as to these aspects of sentencing. In these particulars, the sentence powers of the convening authority and the board of review are at least equal to that of the court-martial. Articles 64 and 66, Code, supra, 10 USC §§ 864 and 866, respectively; United States v Russo, 11 USCMA 352, 29 CMR 168; United States v Massey, 5 USCMA 514, 18 CMR 138; cf. United States v Jefferson, 7 USCMA 193, 21 CMR 319. We, therefore, perceive no reason and find no justification in the Uniform Code to allow one authority full exercise of its statutory sentence powers, but to confine the other to exercise of its powers within the limitations of the provisions of the Manual.

In the *Jobe* case, we commented briefly on the long-standing service policy against the imposition of total forfeitures where the accused is not separated from the service and questioned whether execution of total forfeitures might not violate the provisions of Article 55, Code, supra, 10 USC § 855, against "cruel or unusual punishment" where the accrued returned to active duty. The situation contemplated in *Jobe* was that of an accused not in confinement and regularly engaged in performance of his usual duties, but subject to total forfeiture of pay and allowances in execution of a sentence. See United States v Trawick, 10 USCMA 80, 27 CMR 154. Here, the accused is in confinement and is not performing his regular duties. Forfeiture of all pay and allowances in these circumstances is neither unusual nor cruel. While the accused remains in confinement, those dependent upon his earnings may suffer severely, but this is the usual, albeit unhappy, consequence of confinement of the family provider under a criminal conviction. On the record before us, we need not go beyond the reservations noted in the *Jobe* case.

The decision of the board of review is affirmed.

Judges FERGUSON and DARDEN concur.