UNITED STATES, Appellee

v

ROBERT B. SOSVILLE, Aviation Structural Mechanic (Hydraulics)
Airman U. S. Navy, Appellant

22 USCMA 317, 46 CMR 317

No. 26,545

June 1, 1973

*Lieutenant Michael W. Boehm,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Thomas M. Geisler,* JAGC, USNR.

*Captain Daniel R. Remily,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel G. L. Bailey,* USMC, *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC, and *Lieutenant Commander Harvey E. Little,* JAGC, USN.

## Opinion of the Court

DUNCAN, Judge:

We granted review in this case to determine whether the convening authority properly applied the forfeitures to pay becoming due on and after the date of his action.

The appellant was convicted by special court-martial on November 29, 1971, and was sentenced to a bad-conduct discharge, confinement at hard labor for 45 days, forfeitures of $150.00 per month for 3 months, and reduction to the lowest enlisted grade. On January 17, 1972, the convening authority approved the sentence and stated: "The forfeitures shall apply to pay becoming due on and after the date of this action." The officer exercising general court-martial authority approved the sentence as approved by the convening authority on February 16, 1972. The Court of Military Review, sitting en banc, with two members dissenting, approved.

Appellate defense counsel maintain that since the appellant had completed service of his sentence to confinement as of the date of the convening authority's action, approval of the forfeitures portion of the sentence was prohibited by Article 57(a), Uniform Code of Military Justice, 10 USC § 857(a), and paragraph 88d(3), Manual for Courts-Martial, United States, 1969 (Revised edition).

Article 57(a), UCMJ, provides:

Whenever a sentence of a court-martial as lawfully adjudged and approved includes a forfeiture of pay or allowances in addition to confinement not suspended or deferred,

the forfeiture may apply to pay or allowances becoming due on or after the date the sentence is approved by the convening authority. No forfeiture may extend to any pay or allowances accrued before that date.

Paragraph 88d(3), Manual, supra, states in pertinent part:

If a sentence as approved by the convening authority does not include confinement or if the sentence to confinement is to be suspended, any approved forfeitures may not be *applied* until the sentence is ordered into execution. . . . In those cases where a sentence which includes forfeitures may not be ordered into execution by the convening authority in his initial action because of Article 71,[1] the forfeitures will nevertheless apply to pay or allowances becoming due on or after the date the sentence is approved by the convening authority when the approved sentence also includes confinement not suspended, unless the convening authority specifically defers the application of the forfeitures. See Article 57(a).

Appellate defense counsel argue that a proper interpretation of these codal and Manual provisions prohibits the application of forfeitures until the sentence is ordered into execution unless an accused is in confinement on and after the date of the convening authority's approval of the sentence.

Appellate government counsel contend that the clear purpose of Article 57(a), UCMJ, is that if the convening authority approves any confinement and thereafter does not suspend or defer service thereof, he may, at the same time order that the forfeitures be applied on and after the date of his action. They aver that the statute is silent as to what action is contemplated when, as in this case, all confinement has already been served for the

simple reason that such a factor is not relevant.

Although this Court has, on several occasions, rendered decisions regarding the general question of the application of forfeitures and the relationship between Articles 57 and 71, UCMJ, see generally United States v Lock, 15 USCMA 574, 36 CMR 72 (1965); United States v White, 14 USCMA 646, 34 CMR 426 (1964); United States v Trawick, 10 USCMA 80, 27 CMR 154 (1958); United States v Varnado, 7 USCMA 109, 21 CMR 235 (1956); United States v Smith, 3 USCMA 336, 12 CMR 92 (1953), the precise set of circumstances reflected here presents us with a case of first impression. The Court of Military Review, in its opinion, acknowledged that the question had previously been decided at that level and not always with the same result.

In United States v Cousino, NCM 71–2592 (NCMR, Sept. 20, 1971), the convening authority approved the sentence as adjudged (bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $127.00 per month for 5 months, and reduction in grade) but limited the period of confinement to 84 days and provided that " 'forfeitures shall apply to pay becoming due on and after the date of this action.' " Since the date of the convening authority's action was 84 days after the date of conviction and Cousino was thereupon in a " 'no confinement' status," the court held that the convening authority was not authorized to apply forfeitures prior to execution of the sentence. The court found authority for such a holding in congressional intent:

"It is felt appropriate that where an accused is sentenced to both forfeiture and confinement, the forfeiture should reach all pay becoming due while the accused is in confinement awaiting final approval

---

[1] Article 71, UCMJ, 10 USC § 871, contains the following:
  (c) No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for

one year or more, may be executed until affirmed by a Court of Military Review and, in cases reviewed by it, the Court of Military Appeals.

of the sentence. Under Article 71 such pay cannot be taken until the sentence is ordered executed after any such required final approval." House of Representatives, Report No. 491 (81st Congress) dated April 28, 1949, at page 27; Senate Report No. 486, dated June 10, 1949, at page 24. (United States v Cousino, supra.)

In United States v Anderson, NCM 72-0073 (NCMR, July 7, 1972), the Court of Military Review reached a contrary conclusion to that in *Cousino*. While acknowledging that "[t]he controlling provisions of law on this issue are Articles 57 and 71c . . . and Paragraph 88(d)(3)," the court in *Anderson* declared:

> Our interpretation of the Manual provision does not go as far as the opinion expressed above by our brothers in Cousino, supra. We find no requirement in paragraph 88(d)(3) that the accused must be in a confinement status at the time the convening authority approves the sentence in order to effect the forfeitures from on or after that date.
>
> .    .    .    .    .
>
> [W]e find it difficult to reason that the Congress in considering and enacting the Uniform Code of Military Justice, and the President in promulgating the Manual for Courts-Martial, would sanction a situation wherein a legal and valid sentence of a court-martial involving confinement at hard labor and forfeitures could be rendered meaningless and ineffective in the event the approved confinement is completed prior to the action of the convening authority. Therefore, we do not agree with the rule adopted by our brothers in Cousino, supra, that

the accused must be in a confinement status at the time the convening authority takes his action in order to effect forfeitures.

An Air Force board of review, considering the identical allegation of error, stated in United States v O'Neal, ACM S-20474 (AFBR, October 3, 1962):

> The plain language of Article 57 . . . leaves no doubt in our minds but that the sole criterion in applying the forfeitures, as in the case at bar, is that inclusion in the approved sentence of a period of unsuspended confinement at hard labor. We have carefully examined the legislative history of Article 57 and find no indication that it applies only to cases where accused is in confinement during appellate review (Cf. U. S. v Varnado, 7 USCMA 109, 21 CMR 235). It follows that we find the action of the reviewing authorities correct in law and that the assigned error is without merit.

See also United States v Sheahan, NCM 71-1753 (NCMR, July 13, 1971).[3]

In the case at bar, the Court of Military Review expressly overruled United States v Cousino, supra, and in affirming the action taken here, declared:

> [W]e are convinced that Congress did not intend nad did not enact legislation which precluded application of forfeitures until completion of appellate review unless an accused was in fact confined at the time the forefitures were ordered applied. In our view, application of forfeitures by a convening authority depends not on whether an accused was in actual confinement on the date a convening authority acts

[3] Sheahan and Cousino were cited by the dissenting Court of Military Review judges in this case. They also stated in their dissent:

> In the ensuing year since *Sheahan* and *Cousino*, we have followed those decisions in approximately two dozen cases and have taken action to prohibit the application of forfeitures to the accused's pay prior to the execution of the sentence, where there appeared to be no confinement to be served after the action of the convening authority. But see United States v Anderson, No. 72 0073 (NCMR 7 July 1972), cited and discussed in the majority opinion.

on the case, but, rather, whether the sentence adjudged and as approved in whole or in part by a convening authority includes a period of unsuspended confinement at hard labor.

We agree. The rule is well-settled that a plain and unambiguous statute is to be applied and not interpreted. See United States v Davis, 12 USCMA 576, 31 CMR 162 (1961), and cases cited at 578. Article 57(a), UCMJ, clearly provides that forfeitures may be *applied* on or after the date of the convening authority's action whenever the sentence also includes confinement which has been approved, cf. United States v White, supra, unless the confinement has been *suspended*, United States v Lock, supra, or *deferred*. Inasmuch as the appellant's sentence included "confinement not suspended or deferred," the plain meaning of the statute applies. Although approval of the punitive discharge deferred *execution* of the sentence until completion of appellate review, Article 71 UCMJ; United States v Smith, supra, the inclusion of approved confinement in the sentence, unsuspended or deferred, permitted application of the forfeitures to pay or allowances becoming due on or after the date the sentence was approved by the convening authority.

That Congress was aware the convening authority's action on the record would take place sometime after the date of conviction is evidenced by the commentary on Article 57, UCMJ, as contained in HR Rep No. 491, 81st Congress 1st Session 27 (1949) to accompany HR 4080:

This article is new. Subdivision (a) prohibits the forfeiture of pay or allowances becoming due *before* the date of approval by the convening authority. . . .

Subdivision (b) requires a sentence of confinement to begin to run *on the date that it is adjudged* even though the accused is not actually in confinement, unless the sentence is suspended. (Emphasis added.)

In light of this congressional acknowledgment of the likelihood of a hiatus between the date of sentence and the date of the convening authority's action, during which period the sentence to confinement could conceivably expire, we believe that had the Congress intended the result prayed for by the appellant it would have so declared.

The decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Judge QUINN concur.