**UNITED STATES**

v.

**Walter R. LARKIN, III, 497 48 4010, Private (E-1), U. S. Marine Corps.**

**NCM 77 0072.**

U. S. Navy Court of Military Review.

Sentence Adjudged 16 Nov. 1976.

Decided 28 Jan. 1977.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

GLASGOW, Judge:

Consonant with his plea, the appellant was found guilty of absence without leave from 6 March 1967 until 13 September 1976, and sentenced on 16 November 1976, by military judge sitting alone as a special court-martial, to a bad conduct discharge, confinement at hard labor for two months and forfeiture of two-thirds pay per month for two months. On 7 December 1976, the convening authority approved the sentence and suspended, on probation, the confinement in excess of two days. He also stated

 

that forfeitures should apply from the date of his action. On 22 December 1976, the supervisory authority modified the findings as to the unit from which the appellant was absent, reduced the forfeitures to $249.00 pay per month for one month, but otherwise approved the sentence as approved by the convening authority. Inasmuch as the punitive discharge was not suspended, the sentence was not ordered into execution. Article 71(c), UCMJ, 10 U.S.C. § 871(c).

Paragraph 88*d*(3), MCM, 1969 (Rev.), states, in pertinent part, as follows:

. . . if the sentence to confinement is to be suspended, any approved forfeitures may not be *applied* until the sentence is ordered into execution.

I consider application of forfeitures prior to the execution of the sentence when the confinement or a portion thereof is suspended to be contrary to the provisions of paragraphs 88*d*(3) and 126*h*(5), MCM, 1969 (Rev.). *United States v. Lock*, 15 U.S.C.M.A. 574, 36 C.M.R. 72 (1965); *United States v. Sosville*, 22 U.S.C.M.A. 317, 46 C.M.R. 317 (1973). I believe that the provisions of the Manual prohibiting application of forfeitures when the confinement is suspended should be followed or changed by executive order.

However, in the case *sub judice*, the appellant enlisted in the Marine Corps on 11 July 1966 for four years and absented himself for almost ten years from 6 March 1967. His absence ended on 13 September 1976 when he was apprehended by an agent of the Federal Bureau of Investigation. The record shows that the appellant was confined upon his return to military control and has not been restored to duty. The Department of Defense, Military Pay and Allowances, Entitlements Manual, Section 10316(6), provides:

Absentee. An enlisted member, whose term of enlistment or induction terminates while he is in a status of absence without leave or desertion, is not entitled to pay and allowances upon his return to military control while awaiting trial and disposition of his case, if his conviction becomes final and his return to full duty has never been effected.

Therefore, the question of application of forfeitures appears academic. Accordingly, the findings and sentence approved on review below are affirmed.

Chief Judge CEDARBURG and Judge BAUM concur in the result.