**UNITED STATES**

v.

**John W. STALLINGS, Jr., 413 17 3520, Fireman Recruit (E–1), U.S. Naval Reserve.**

**NMCM 82 4944.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 July 1982.

Decided 16 Dec. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Claude P. Goddard, JAGC, USN, Appellate Defense Counsel.

CDR Richard A. Monteith, JAGC, USN, Appellate Government Counsel.

Before ABERNATHY, Senior Judge, and BARR and MALONE, JJ.

PER CURIAM:

Pursuant to his pleas, appellant was convicted of five specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. He was sentenced by the military judge sitting alone at special court-martial to be confined at hard labor for five months, to forfeit $350.00 pay per month for five months, and to be discharged with a bad-conduct discharge.

In compliance with the terms of the pretrial agreement, the convening authority approved this sentence, suspending all confinement in excess of 60 days and all forfeitures of pay in excess of two months. Appellant now claims two errors in the proceedings below, resulting in substantial prejudice to appellant and requiring our corrective action. We disagree.

■ First, appellant avers that his sentence which included a bad-conduct discharge was inappropriately severe punishment. This is hardly the case, however, where the record reveals that appellant was the subject of five nonjudicial punishment proceedings and one prior special court-martial during a period of less than two years. The absences leading to the instant trial commenced but seventeen days after his release from confinement after serving the sentence of his previous court-martial. Neither appellant's guilty pleas, his desire not to receive a punitive discharge because of its potential impact upon his future, nor his remorse for being an administrative burden upon the U.S. Navy transform an already lenient sentence into one inappropriately severe; his medical problems and above average performance the month preceding trial notwithstanding.

In taking his action which suspended a portion of the adjudged sentence to confinement, the convening authority ordered forfeitures to be applied to pay becoming due on and after the date of his action. Citing *United States v. Larkin,* 1 M.J. 1110 (N.C. M.R.1977), appellant claims this action was in violation of Article 57(a), UCMJ, 10 U.S.C. § 857(a), reasoning that since a portion of the sentence to confinement at hard labor was suspended, forfeitures could only become due on and after the date of the execution of the sentence. Inasmuch as the punitive discharge was not suspended, the sentence has not been executed. Article 71(c), UCMJ, 10 U.S.C. § 871(c).

■ The dicta of *Larkin,* concludes that when a *portion* of the confinement is suspended, forfeitures may not be applied prior to sentence execution. This is contrary to the exposition of the law as discussed by the Court of Military Appeals in *United States v. Lock,* 15 U.S.C.M.A. 574, 36 C.M.R. 72 (1965), and *United States v. Sosville,* 22 U.S.C.M.A. 317, 46 C.M.R. 317 (1973). When suspending confinement, the prohibition of the application of forfeitures until the execution of the sentence is triggered only by the suspension of *all* confinement. We, therefore, decline to apply that dicta of *Larkin* we find to be an erroneous statement of the law.[1]

■ Appellant has correctly drawn our attention to the discrepancies and omissions of the convening authority's action and the special court-martial promulgating order. Both fail to note two of the nonjudicial punishments entered during presentencing proceedings, and both incorrectly reflect that no previous convictions were considered. Two of the four nonjudicial punishments recorded in compliance with § 0123, JAGMAN, contain minor errors regarding the offenses for which appellant was punished and the punishment imposed. We do not find, however, that appellant was prejudiced by these omissions and errors of commission.

---

1. It should be noted that two of the three judges participating in the decision concurred in the result, which was an affirmation of the findings and sentence. The view expressed in the opinion was thus that of only a single judge.

Finally, we note that each specification, after correctly alleging appellant's status as a member of the United States Naval Reserve, erroneously states him to be on active duty in the United States Navy, rather than its Reserve component. This error also has no prejudicial impact on this case, but is merely brought to the attention of those charged with the administration of our military justice system as the type of error too often found in our records of trial which, although of minimal weight, reflects adversely on the professionalism of our judge advocate community. *See* "On Records of Trial, Charge Sheets and Court-Martial Orders", *Off the Record,* Department of the Navy, Office of the Judge Advocate General, No. 87, p. 29, 29 December 1981, at 31.

Accordingly, the findings of guilty, excepting the words, "in the United States Navy" in each of the specifications of the charge and additional charge, and the sentence, as approved and partially suspended on review below, are affirmed.